# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMIL L. JENKINS,

    Plaintiff,

v.

EMANUEL COUNTY JAIL; MARION SHAW; FAYE CLAYTON; WESLEY BEDGOOD; and ELLICE WHEELER,

    Defendants.

CIVIL ACTION NO.: CV615-003

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, (doc. 1), to contest certain conditions of his confinement at the Emanuel County Jail in Swainsboro, Georgia. Along with his Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*, (doc. 2). Plaintiff's Motion was granted by Order dated January 21, 2015. (Doc. 3.) Plaintiff was informed by the Court's January 21, 2015, Order of his obligation to inform the Court, in writing, of any change of address and that his failure to do so would result in the dismissal of his cause of action. (Doc. 3, p. 3.) Plaintiff signed the Consent to Collection of Fees form and returned this executed document to the Court. (Doc. 4.) Plaintiff informed the Court that personnel at Emanuel County Jail refused to execute the Prisoner Trust Fund Account Statement. (Doc. 5-1.) The undersigned directed the Clerk of Court to serve another copy of the Court's January 21, 2015, Order with attachments to the Emanuel County Sheriff. (Doc. 6, p. 1.) By the same Order dated March 23, 2015, Plaintiff was advised, *inter alia*, that his failure to follow the Court's January 21, 2015, Order may result in the dismissal of his cause of action. (<u>Id.</u> at p. 2.) The Clerk's Office mailed the undersigned's Order and attachments to Plaintiff and the Emanuel County Sheriff. (Docket Entry dated Mar. 23, 2015.)

The Court's March 23, 2015, Order was returned to the Court and marked "undeliverable" on April 2, 2015, because Plaintiff was no longer housed at the Emanuel County Jail. (Doc. 7.) However, Plaintiff failed to inform the Court, in writing or otherwise, of any new or different address, and the address Plaintiff originally provided the Court is still listed upon the docket and record of this case as his proper mailing address. The Court issued another Order dated May 7, 2015, (doc. 8), which was mailed to Plaintiff at the Emanuel County Jail on May 8, 2015. This Order was returned to the Court on May 19, 2015. (Docket Entry dated May 19, 2015.) Given Plaintiff's failure to provide the Court with any other mailing address and the return of previous mailings sent to the Emanuel County Jail to Plaintiff's attention, the Court has been unable to communicate effectively with Plaintiff regarding the progress of these proceedings.

Due to Plaintiff's failure to follow the instructions of this Court, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice. FED. R. CIV. P. 41(b); L.R. 41.1(b) (The Court may *sua sponte* dismiss "any action for want of prosecution, with or without prejudice[ ]" based on a party's "[w]illful disobedience or neglect of any order of the Court[.]"). It is also my **RECOMMENDATION** that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of May, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA