IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMIL L. JENKINS,

    Plaintiff,

    v.

EMANUEL COUNTY JAIL; MARION
SHAW; FAYE CLAYTON; WESLEY
BEDGOOD; and ELLICE WHEELER,

    Defendants.

CIVIL ACTION NO.: CV615-003

**O R D E R**

After an independent and *de novo* review of the entire record, the undersigned **CONCURS** with and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of Court. Plaintiff's Complaint is **DISMISSED**, without prejudice. The Clerk of Court is directed to **CLOSE** this case.

BACKGROUND

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, (doc. 1), to contest certain conditions of his confinement at the Emanuel County Jail in Swainsboro, Georgia. Along with his Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*, (doc. 2). Plaintiff's Motion was granted by Order dated January 21, 2015. (Doc. 3.) Plaintiff was informed by the Court's January 21, 2015, Order of his obligation to inform the Court, in writing, of any change of address and that if he failed to do so, the Court would dismiss his case. (Doc. 3, p. 3.) By Order dated March 23, 2015, Plaintiff was advised, *inter alia*, that his failure to follow the Court's January 21, 2015, Order may result in the dismissal of his cause of action. (Doc. 6, p. 2.)

The Court's March 23, 2015, Order was returned to the Court on April 2, 2015 marked "undeliverable", because Plaintiff was no longer housed at the Emanuel County Jail. (Doc. 7.) However, Plaintiff failed to inform the Court, in writing or otherwise, of any new or different address, and the address Plaintiff originally provided the Court is still listed upon the docket and record of this case as his only proper mailing address. The Court issued another Order dated May 7, 2015, (doc. 8), which was mailed to Plaintiff at the Emanuel County Jail the following day. That Order was returned to the Court on May 19, 2015. (Docket Entry dated May 19, 2015.)

Given Plaintiff's failure to provide a proper mailing address, on May 22, 2015, United States Magistrate Judge R. Stan Baker issued a Report recommending Plaintiff's Complaint be dismissed, without prejudice. The Magistrate Judge cited Plaintiff's failure to follow the Court's instructions and his failure to prosecute his cause of action as grounds for dismissal. (Doc. 10.) On this same date, the Clerk's Office noted it was unable to mail a copy of the Magistrate Judge's Report and Recommendation to Plaintiff because his whereabouts were unknown. (Second Docket Entry dated May 22, 2015.) Plaintiff failed to file any Objections to the Report and Recommendation.

## DISCUSSION

It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b); L.R. 41.1(b) (The Court may *sua sponte* dismiss "any action for want of prosecution, with or without prejudice[ ]" based on a party's "[w]illful disobedience or neglect of any order of the Court[.]"); Link v. Wabash Railroad Company, 370 U.S. 626 (1962).[1] While

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court

the Court exercises this authority with caution, dismissal is appropriate in the case at hand. Without a proper address for Plaintiff, the Court has no means to adjudicate the merits of his claims. Moreover, he was given ample notice of his obligation to inform this Court of any change of address, and he failed to do so.

## CONCLUSION

The Magistrate Judge's Report and Recommendation, (doc. 10), is adopted as the opinion of the Court. Due to Plaintiff's failure to prosecute this action and his failure to follow the instructions of this Court, his Complaint, (doc. 1), is hereby **DISMISSED**, without prejudice. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this _18th_ day of _June_, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

advised Plaintiff that his failure to notify the Court of his change of address would result in dismissal of this action. (Doc. 3, p. 3.) The Court attempted to provide Plaintiff further notice by giving him the opportunity to object to the Magistrate Judge's Report and Recommendation. Of course, Plaintiff's failure to advise the Court of his change of address prevented him from receiving this last notice.